# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

HAROLYNN C. ROBINSON,          )
                               )
                Appellant,     )
                               )
v.                             )          Civil Action No. 3:18cv614–HEH
                               )
REALTY INDUSTRIAL LOAN         )
CORPORATION,                   )
                               )
                Appellee.      )

## MEMORANDUM OPINION
### (Dismissing Appellant's Bankruptcy Appeal)

THIS MATTER is before the Court on Harolynn C. Robinson's ("Appellant")

*pro se* appeal of the Bankruptcy Court's Order Granting Relief from Stay (the "Order"),

which was entered on August 8, 2018. Appellant noticed her appeal on August 24,

2018—sixteen (16) days following the entry of that Order. For the reasons that follow,

this Court will dismiss Appellant's appeal because it was not timely noticed, and

therefore, the Court is without subject-matter jurisdiction to review the Bankruptcy

Court's Order.

As a preliminary matter, this Court has an obligation to ensure that it has

jurisdiction to hear the cases that come before it. The Court may, accordingly, raise the

issue of subject-matter jurisdiction *sua sponte* at any stage. *Arbaugh v. Y&H Corp.*, 546

U.S. 500, 506 (2006).

In general, federal district courts have jurisdiction over direct appeals taken from

the bankruptcy courts. 28 U.S.C. § 158(a). The Federal Rules of Bankruptcy Procedure

provide that "a notice of appeal must be filed with the bankruptcy clerk within 14 days

after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[1] The timely filing of a notice of appeal is a jurisdictional requirement, and failure to make such a filing deprives a district court of jurisdiction to review the judgment or order of the bankruptcy court. *See Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1110–11 (4th Cir. 1986) (concluding that the district court lacked jurisdiction to review the bankruptcy court's judgment in the absence of a timely notice of appeal); *see also In re Stagecoach Utils., Inc.*, 86 B.R. 229, 230 (B.A.P. 9th Cir. 1988) (stating in the context of a bankruptcy appeal that "[a] timely notice of appeal is jurisdictional and the court may consider the timeliness of the appeal *sua sponte*.").[2]

As stated above, the Order that Appellant seeks to appeal was entered on August 8, 2018. Appellant filed her notice of appeal on August 24, 2018—sixteen (16) days after the entry of the Order. In addition, Appellant has not filed any motion pursuant to Fed. R. Bankr. P. 8002(b), which may have extended the time for filing her notice of appeal in this case. Consequently, this Court is without subject-matter jurisdiction to review the Bankruptcy Court's Order, and the matter will be dismissed.

---

[1] The time for filing a notice of appeal may be extended if a party files certain motions with the bankruptcy court. *See* Fed. R. Bankr. P. 8002(b). Here, Appellant has not filed any motion that would extend the fourteen-day timeline established in subsection (a) of the Rule. The Court notes that Appellant has likewise failed to designate items for the record on appeal, *see* Fed. R. Bankr. P. 8009, and furthermore, Appellant has also failed to file an opening brief as required by Fed. Rs. Bankr. P. 8014 and 8018.

[2] This Court recognizes that both *Dairymen, Inc.* and *Stagecoach Utils., Inc.* were decided under previous versions of Fed. R. Bankr. P. 8002, which required a notice of appeal to be filed within ten (10) days of the judgment to be appealed. *See* Fed. R. Bankr. P. 8002 (1986); Fed. R. Bankr. P. 8002 (1987). Nevertheless, even under the current version of the Rule, which has extended the period of timely filing to fourteen (14) days, the requirement continues to be jurisdictional. *See, e.g., Wilson v. Moss*, No. 5:15-2230-MBS, 2015 U.S. Dist. LEXIS 90898, at *2 (D. S.C. July 13, 2015) (dismissing the matter because the notice of appeal was filed 33 days after the bankruptcy court's judgment); *O'Keefe v. Wolff*, No. GJH-14-3829, 2015 U.S. Dist. LEXIS 7928, at *2–4 (D. Md. Jan. 23, 2015) (notice of appeal filed 31 days after judgment); *see also Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 824 (E.D. Va. 2016) (stating that unpublished opinions, while not binding precedent, are nevertheless persuasive authority).

An appropriate order will accompany this Memorandum Opinion.

_/s/_

Henry E. Hudson
Senior United States District Judge

Date: _Oct. 24, 2018_
Richmond, Virginia